```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/15/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robert J. Friedman,

                               Plaintiff,

             -against-

MT Sinai Hospital et al.,

                               Defendants.

1:23-cv-01142 (JHR) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a request by *pro se* Plaintiff Robert J. Friedman ("Plaintiff") for sanctions against Defendants Mount Sinai Hospital s/h/a Mt. Sinai Hospital ("Mt. Sinai"), Dr. Shelly Epstein ("Dr. Epstein") and Dr. Joy Riskin ("Dr. Riskin") (collectively, the "Subject Defendants").[1] (Pl.'s 12/11/23 Ltr., ECF No. 70.[2]) For the reasons set forth below, Plaintiff's request is DENIED.

**BACKGROUND**

Plaintiff's request for sanctions against the Subject Defendants implicates three letters filed with the Court by Defendants' counsel. In the first letter, which was dated July 13, 2023, Defendants' counsel stated that they represented Mt. Sinai, that they had "just been retained to represent" Dr. Epstein and Dr. Riskin and that they "expected to be retained to represent RN Carlo Liggio as well." (Defs.' 7/13/23 Ltr., ECF No. 22, at 1.)

---

[1] In addition to the Subject Defendants, Carlo Liggio ("Liggio") and Dr. Marcy Kopakin ("Dr. Kopakin") also are named as defendants in this action. The Subject Defendants, Liggio and Dr. Kopakin collectively are referred to herein as the "Defendants."

[2] Plaintiff's letter is dated December 7, 2023, but was filed on December 11, 2023. (*See* 12/11/23 Ltr. at 1.) On December 12, 2023, Defendants filed at ECF No. 71 and ECF No. 72 a letter in opposition.

In the second letter, which was dated September 15, 2023 (and filed September 18, 2023), Defendants' counsel stated that they were "aware that the defendant, Carlo Liggio, ha[d] acknowledged service," but that "to date" they had not been retained to represent him. (Defs.' 9/18/23 Ltr., ECF No. 43, at 1.) They further stated that "[b]ecause the events alleged herein are purported to have occurred in 1987, Mount Sinai Hospital has had difficulty verifying Mr. Liggio's employment status during that time." (*Id*.)

In the third letter, dated December 8, 2023, Defendants' counsel stated:

> Mr. Liggio has recently reached out to our office and confirmed his employment status as a Nurse for Mount Sinai Hospital in 1987, at the time of the events alleged. As such, we were informed by the [insurance] carrier that we have been retained to represent Mr. Liggio as well in this matter.

(Defs.' 12/8/23 Ltr., ECF No. 67, at 1.)

In his letter seeking sanctions, Plaintiff contends that the Subject Defendants "knowingly lied [by] pretending that they did not know Carlo Liggio." (*See* Pl.'s 12/11/23 Ltr. at 2.) As a result, Plaintiff seeks to have sanctions imposed against the Subject Defendants. (*See id*. at 1.)

## **LEGAL STANDARDS**

Plaintiff does not articulate the legal basis upon which he seeks sanctions against the Subject Defendants. Since Plaintiff is *pro se*, the Court liberally construes Plaintiff's letter as requesting sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent power, as these are the only conceivable bases upon which sanctions may be imposed in the present circumstances.[3]

---

[3] Rule 11 of the Federal Rules of Civil Procedure does not apply here since Rule 11 requires the party moving for sanctions to give 21 days' notice to the nonmoving party to withdraw or correct the challenged paper that filed with the Court, *see* Fed. R. Civ. P. 11(c), and no such notice was given here. In any event, for the reasons set forth below, the Court finds that there is no basis to impose sanctions under Rule 11.

Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 is only applicable to attorneys or other persons authorized to practice before the courts and not against a party. *See Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 287 (2d Cir. 2021) (citing *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986)). Section 1927 sanctions are imposed only "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011) (citation omitted).

The Court may impose sanctions against a party and its attorneys pursuant to its inherent power. The standard for determining whether sanctions are appropriate pursuant to the Court's inherent power is the same as the one for assessing whether sanctions are appropriate against an attorney pursuant to Section 1927. *See Int'l Technologies Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 368 (2d Cir. 2021).

A party seeking sanctions under either 28 U.S.C. § 1927 or the Court's inherent authority must provide clear evidence of bad faith. *See Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000). "[B]ad faith may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)); *see also Keung v. Patisseries Saines Corp.*, No. 22-CV-03725 (JPC), 2023 WL 4487728, at *5 (S.D.N.Y. July 12, 2023) ("To impose sanctions

under either section 1927 or its inherent authority, 'a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay.'") Ultimately, "the decision to impose sanctions is uniquely within the province of a district court." *Eisemann*, 204 F.3d at 396 (quoting *Schlaifer Nance & Co.*, 194 F.3d at 334).

## ANALYSIS

The Court finds that there is no factual or legal basis upon which to impose sanctions against the Subject Defendants. The record does not reflect that Defendants' counsel "knowingly lied" in Court filings with respect to their representation of Defendant Liggio. In July 2023, Defendants' counsel stated that they expected to represent Liggio (*see* Defs.' 7/13/23 Ltr. at 1); in September 2023, they stated that they had not yet been retained to represent him (*see* Defs.' 9/18/23 Ltr. at 1); and, in December 2023, Defendants' counsel stated that they had been informed by the insurance carrier that they had been retained to represent Liggio. (*See* Defs.' 12/8/23 Ltr. at 1.) The Court finds that none of the statements made by Defendants' counsel was false or misleading. Regardless, the Court finds that Defendants' counsel certainly did not act in bad faith. Accordingly, there is no basis for the imposition of sanctions.

## CONCLUSION

By reason of the foregoing, Plaintiff's request for the imposition of sanctions is DENIED.

**SO ORDERED.**

Dated:   New York, New York
         December 15, 2023

_____
STEWART D. AARON
United States Magistrate Judge

4