UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT J. FRIEDMAN,

                Plaintiff,

-v.-

MT. SINAI HOSPITAL, et al.,

                Defendants.

23 Civ. 1142 (JHR) (SDA)

ORDER ADOPTING REPORT AND RECOMENDATION

JENNIFER H. REARDEN, District Judge:

      Plaintiff Robert J. Friedman, acting *pro se*, initially brought this action against Mount Sinai Hospital, s/h/a Mt. Sinai Hospital, Dr. Shelley Epstein, and Dr. Joy Riskin (collectively, the "Original Defendants") for violations of the New York Adult Survivors Act (the "ASA") and for "forcibly giving [him] Haldol."  ECF No. 2 (Compl.) at 2.  Plaintiff amended his Complaint to add Defendant Carlo Liggio (with the Original Defendants, "Defendants").  ECF No. 26 (Am. Compl.).  Subsequent letters were construed as a Second Amended Complaint (the "SAC") that added Defendant Marcy Kopakin.[1]  *See* ECF Nos. 38 (Second Am. Compl.), 41; *see also* ECF No. 44 (ordering that "the Letter filed at ECF No. 38 . . . be deemed Plaintiff's Second Amended Complaint, as supplemented by ECF No. 41 with respect to Plaintiff's date of birth.").  In essence, Plaintiff avers that Defendants Epstein, Riskin, Liggio, and Kopakin sexually abused him during his admission to Mount Sinai Hospital on October 4, 1987 and improperly prescribed the medication Haldol that day and until his release from the hospital on November 22, 1987.[2]  *See* Second Am. Compl. at 2-3.

---

[1] Marcy Kopakin has not been served.  *See* ECF No. 44 (holding service upon Kopakin in abeyance pending the outcome of the instant motion to dismiss the SAC, which at the time had not been filed).
[2] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed.  *See* R&R.

Defendants moved to dismiss based on "*res judicata* and collateral estoppel, or, in the alternative, for failure to state a claim on other grounds."[3] ECF No. 50 (Mot.) at 1. Plaintiff opposed the motion, ECF No. 61 (Opp.), and Defendants filed a reply memorandum in further support of their motion. ECF No. 65 (Reply). Before the Court is the Report and Recommendation of Magistrate Judge Stewart D. Aaron, to whom the Court referred the action for general pretrial purposes and for adjudication of dispositive motions. *See* ECF Nos. 12, 53. The Report and Recommendation recommended granting Defendants' motion to dismiss with prejudice. ECF No. 78 (R&R) at 16. For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the Report and Recommendation, grants Defendants' motion to dismiss, and dismisses Plaintiff's claims with prejudice.

## DISCUSSION

Judge Aaron issued a 17-page Report and Recommendation recommending that "Defendants' motion to dismiss be GRANTED," "this action be DISMISSED in its entirety," and that Plaintiff "not be given leave to amend." R&R at 16. Plaintiff filed objections to the Report and Recommendation. ECF No. 79 (Obj.). Defendants responded to Plaintiff's objections. *See* ECF No. 81 (Resp.).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). But "when a party makes only

---

[3] Although Defendant Liggio was not represented by counsel for Defendants when the motion to dismiss was filed, Judge Aaron ordered at ECF No. 74 that "[t]he Court . . . shall consider the arguments raised in the pending motion to dismiss (ECF No. 50) on [Defendant Liggio's] behalf."

conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989 (NSR) (PED), 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023) (same), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023); *Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064 (GBD) (SN), 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019).

With respect to any portions of the report and recommendation as to which no objection is made, the Court may adopt such portions "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527 (RA) (RLE), 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014). A report and recommendation is "clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon*, 2023 WL 1516905, at *2 (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

When making objections, "[p]ro se parties are generally accorded leniency." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

3

As set forth below, Plaintiff's objections "simply reiterate[] [nearly all of] his original arguments."  *Wallace*, 2014 WL 2854631, at *1:

- *Compare* Obj. at 1 ("[T]here clearly was undue influence."), *with* Opp. at 7 ("[T]here was undue influence.");

- *Compare* Obj. at 2 ("[T]here clearly was unconscionability."), *with* Opp. at 7 ("[T]here was unconsionability [sic].");

- *Compare* Obj. at 3 ("[T]he release that I signed . . . never included a clause barring any statute that would revive a cause of action."), *with* Opp. at 4 ("[T]here never was a clause in that stipulation that it includes any future statutes that will circumvent the statute of limitations.");

- *Compare* Obj. at 3 ("I hav[e] direct evidence witnesses that are willing to testify in court that they saw these defendants sexually abuse me."), *with* Opp. at 5 ("I plausibly pr[o]ved that they were liable for my sexual abuse by . . . mentioning that I have a credible witness . . . to testify on my behalf.");

- *Compare* Obj. at 2-3 ("M[t.] Sinai, Dr[.] Epstein[,] and [D]r[.] [R]iskin never initially denied sexually abusing me in their initial motion to dismiss and when a defendant does not deny a cause of action there is a reasonable cause of action."), *with* Opp. at 5 ("[Defendants] never denied that they sexually assaulted me and when a defendant does not deny a plaintiff's cause of action there is absolutely a reasonable cause of action.");

- *Compare* Obj. at 3 ("[M]t[.] [S]inai wrote that I was a voluntary patient when in fact I only signed that I was a voluntary patient . . . [but] it was not not knowingly intelligently or voluntarily signed."), *with* Opp. at 5 ("[D]efendants . . . lie when they wrote in their motion to dismiss . . . that I later conceded that my admission was voluntary.").

Plaintiff seemingly advances one new argument in his objections: that Judge Aaron "made an error when he wrote that the [A]dult [S]urvivors [Act] d[id] not prevent the release that [Plaintiff] signed in 2008 because [Plaintiff] never mentioned sexual abuse in [Plaintiff's] other lawsuits." Obj. at 2. Plaintiff contends that he did, in fact, mention sexual abuse in the sense that he "mentioned torture in [his] other lawsuits against mount sinai . . . [, which] qualifies as sexual abuse." *Id*. But Judge Aaron's determination did not turn on Plaintiff's previous allegations. Instead, Judge Aaron concluded that, "[t]he fact that, following the 2008 Stipulation, the ASA removed a statute of limitations bar to pursuing certain sexual assault claims does not alter the effect of [Plaintiff's 2008] release." *Id*. at 15.

Accordingly, the Report and Recommendation is adopted in its entirety, including Judge Aaron's conclusion that Plaintiff not be given leave to amend. R&R at 16. The Court dismisses all claims pursuant to Rule 12(b)(6) with prejudice.

The Clerk of the Court is directed to close the case and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: May 9, 2025
New York, New York

                                                                                      *[signature]*
                                                                               JENNIFER H. REARDEN
                                                                               United States District Judge